No. 29,652.

Charles E. Mishler, *Appellee,* v. The Kelso Grain Company and The Maryland Casualty Company, *Appellants.*

(298 Pac. 655.)

Opinion filed May 9, 1931.

*A. B. Keller, George R. Malcolm* and *C. A. Burnett,* all of Pittsburg, for the appellants.

*Sylvan Bruner,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Nominally the proceeding was one by a workman to obtain review of an award of compensation. The commissioner of compensation held he had no authority to entertain the petition for review. The district court held otherwise, and the employer and the insurance carrier appeal.

Mishler was injured on November 17, 1927, and the grain company paid him compensation for eighteen weeks. Payment of compensation was then discontinued, and on April 12, 1928, Mishler filed a claim for compensation. The claim was heard before an examiner, who found there was no objective or subjective symptom disclosed by the evidence entitling the claimant to further compensation, and if plaintiff had any disability, it was not caused by the accidental injury of November 17, 1927. Therefore an award of compensation was denied. The findings and decision of the examiner were approved by the compensation commissioner on June 20, 1928. Mishler appealed to the district court. A transcript of the testimony adduced before the examiner was considered, and on April 18, 1929, the district court affirmed the decision of the commissioner of compensation. The judgment of the district court was fully sustained by the evidence. Mishler did not appeal.

In August, 1929, Mishler filed what was termed "application and petition for review and modification of award." The grounds of the application were that the award was inadequate and the disability of the claimant had increased. The commissioner of compensation denied the application on the following grounds:

"The application of the claimant for a review of the award made on August 5, 1929, must be denied, since the commissioner on June 19, 1928, found that if any disability existed to the claimant it did not arise out of and in the course of claimant's employment, and for the further reason that no award was made therein, and that the claimant appealed from the decision of the commissioner to the district court of Crawford county, and the award of the commissioner was sustained.

"There is no provision in the workmen's compensation act for the reviewing of an award under the above stated facts."

The statute reads as follows:

"Every finding or award of compensation shall be in writing signed and

acknowledged by the arbitrator or by the secretary of the committee herein-before referred to, or commission, and shall specify the amount due and un-paid by the employer to the workman up to the date of the award, if any, and the amount of the payments thereafter to be paid by the employer to the workman, if any, and the length of time such payment shall continue. No award shall be or provide for payment of compensation in a lump sum, except as to such portion of the compensation as shall be found to be due and unpaid at the time of the award, and credit shall be given to the employer in such award for any amount or amounts paid by him to the employee as compensation prior to the date of the award." (R. S. Supp. 1930, 44-525.)

"Any award of compensation may be modified by subsequent written agree-ment of the parties, . . ." (R. S. Supp. 1930, 44-526.)

"At the time of making any final payment of compensation, the employer shall be entitled to a final receipt for compensation, executed and acknowl-edged or verified by the workman, which final receipt may be in form a re-lease of liability under this act." (R. S. Supp. 1930, 44-527.)

"At any time before but not after the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties, it may be reviewed by the commission upon good cause shown upon the ap-plication of either party, . . . and if it shall find that the award . . . is excessive or inadequate, or that the incapacity or disability of the workman has increased or diminished, the commission may modify such award upon such terms as may be just by increasing or diminishing the compensation sub-ject to the limitations hereinbefore provided in this act; . . . *Provided,* That the provisions of this section shall not apply to an award of compensa-tion provided for in the schedule of specific injuries in section 10 of this act." (R. S. Supp. 1930, 44-528.)

It is perfectly plain from these provisions of the statute that the review section relates to an award of compensation, not to a refusal to award compensation; to an award specifying amount of payments to be made and length of time payments shall continue; to an award which may be modified by subsequent written agreement changing terms of payment of compensation; to an award which contemplates a final payment entitling the employer to a final re-ceipt for compensation. Until such an award has been made, the review section has no function to perform.

For a time the employer voluntarily paid compensation, without any determination by the compensation commissioner or the dis-trict court that the employer should do so, and without any agree-ment with the workman respecting payment of compensation. When voluntary payment of compensation ceased, the workman made claim for compensation in the regular way, and the regular pro-cedure for obtaining an award of compensation was followed. The

claim for compensation was denied. On appeal to the district court the denial of compensation was affirmed, and the judgment of the district court denying an award of compensation became final. A final judgment denying compensation is not an award of compensation, and the result is, there has been no award of compensation which may be modified. Liability may not be either increased or decreased by order of court.

The workman must find his remedy in the statute. The review section operates only on an award of compensation which has been made, and does not authorize a workman to procure an initial award of compensation under the guise of review of a final determination that he was not entitled to compensation. If the statute is defective, the defect cannot be cured by sophistical interpretation amounting to judicial legislation.

When the petition for review came on for hearing, the claimant desired a continuance for the purpose of making a showing on the merits of the petition. Continuance was properly denied, because the commissioner was without authority to consider the so-called merits of the petition.

The judgment of the district court is reversed, and the cause is remanded with direction to deny the petition for review.