No. 30,451.

FRED GANT, *Appellee*, v. JAMES PRICE, JOE LAFAYETTE and GEORGE MERTZ, Partners doing business as THE VULCAN COAL COMPANY, and T. H. MASTIN AND COMPANY, *Appellants*.

(10 P. 2d 1082.)

Opinion filed May 7, 1932.

*P. E. Nulton* and *G. L. Stevenson,* both of Pittsburg, for the appellants.

*Sylvan Bruner, Walter True* and *Walter T. Davis,* all of Pittsburg, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action under the workmen's compensation act. Judgment was for claimant. Respondent appeals.

Appellee was injured while in the employ of the Vulcan Coal Com-

pany. Compensation was paid him for some weeks and then a hearing was had before the commissioner of workmen's compensation. As a result of this hearing a finding was made that appellee had been totally disabled for a number of weeks, but had completely recovered before the date of the filing of the application for compensation. Accordingly a lump-sum payment was awarded. Payment of this amount was tendered the workman by appellants. From this finding and award an appeal was taken by the workman to the district court. That court sustained the finding and award of the commissioner.

Within a few days after the rendition of the judgment sustaining the finding and award of the commissioner appellee filed with the commissioner of workmen's compensation an application for review and modification of award upon the ground that the award was inadequate, and for the reason that the incapacity and disability of the claimant had increased. When this application came on to be heard appellants objected to the consideration of it on the ground that all the issues sought to be raised by it had been settled by the former hearing. This objection was overruled and the applications considered by the commissioner. This hearing resulted in a finding that nothing more was due the claimant and in the affirmation of the previous award. This finding was appealed to the district court, where appellant here again objected to a consideration of the matter on the same ground urged as a reason for the dismissal of the second proceedings before the commissioner. This objection was overruled and the court heard the case. The result was a finding that the award of the commissioner should be overruled and that the claimant was still partially disabled. An award of payments for an indefinite time in the future was made.

From that finding and judgment this appeal is taken. Claimant bases his argument that he had a right to file the application for a review and modification of the first award on R. S. 1931 Supp. 44-528. It provides as follows:

"44-528. At any time before but not after the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties, it may be reviewed by the commission upon good cause shown upon the application of either party, and in connection with such review the commission may appoint a physician or surgeon, or two physicians or surgeons to examine the workman and report to the commission and the commission shall hear all competent evidence offered, and if it shall find that the award has been obtained by fraud or undue influence, or that the committee, or arbi-

trator, making the award acted without authority, or was guilty of serious misconduct or that the award is excessive or inadequate, or that the incapacity or disability of the workman has increased or diminished, the commission may modify such award upon such terms as may be just by increasing or diminishing the compensation subject to the limitations hereinbefore provided in this act; and if the commission shall find that the workman has returned to work for the same employer in whose employ he was injured or for another employer and is earning the same or higher wages than he did at the time of the accident or injury, or is gaining an income from any trade or employment which is equal to or greater than the wages he was earning at the time of the accident or injury, or shall find that the workman has absented himself and continues to absent himself so that a reasonable examination cannot be made of him by a physician or surgeon selected by the employer, or has departed beyond the boundaries of the United States, the commission shall cancel the award and end the compensation: *Provided,* That the provisions of this section shall not apply to an award of compensation provided for in the schedule of specific injuries in section 10 of this act."

He points out the final payment of the award had not been made and argues that under the language of the above statute he had a right to ask for a modification of the award on the ground that it was inadequate and that his disability had increased. The contention of appellants here is that when the first award was appealed to the district court and sustained this judgment became final, as no appeal was taken from it to the supreme court.

It should be noted that the only difference between the section quoted above and R. S. 44-528 that concerns us is the addition of the words "but not after" in the new act. Hence, cases decided construing the rights of workmen under R. S. 44-528 are in point here.

We have concluded that the provision depended on by appellee in R. S. 1931 Supp. 44-528, relates to an award that provides for payments on a disability that extends into the future. Here the commissioner of workmen's compensation had found the facts to be that the disability of appellee had ceased before the first application was filed with the commissioner. This finding and award were appealed to the district court. The court approved the findings and award. When this was done the judgment of the district court took on all the attributes of finality that any case takes that is submitted to a district court for determination. The only remedy left is the appeal provided for to the supreme court.

The reason for this is plain. When the commissioner of workmen's compensation hears a case and makes a finding that extends into the future, he looks at an injured workman, hears the testimony

of the doctors and finds what in his judgment will be the extent of his disabilities and how long the condition will last. The lawmakers knew this could not be determined with finality, so the provision for modification and review was written into the act. As far as the payments for the future are concerned this is a wise provision. The necessity for it does not exist, however, where the commission, and later the courts, are asked to look at a man and say what his condition is at the present time, and where this is done and a finding of fact is made not looking into the future at all, but establishing a present determinable fact. That is the work courts have been doing for many years. Our system of jurisprudence provides that inquiries of this kind must have finality. This is the theory upon which the case of *Kinzer v. Gas Co.*, 110 Kan. 574, 204 Pac. 999, was decided. See, also, *Mishler v. Kelso Grain Co.*, 133 Kan. 38, 298 Pac. 655. In the case of *Corvi v. Coal & Mining Co.*, 119 Kan. 244, 299 Pac. 598, which is relied on by appellee, the finding of the commissioner of workmen's compensation, which it was sought to set aside, was directed to the future and was not a finding of a past fact, such as we are considering in this case. The opinion, moreover, has this language:

"Whether the award was procured by fraud or undue influence, and whether the arbitrator acted without authority or was guilty of serious misconduct, depends on past facts which the future may not change, and is determinable once for all. There is no element of prophecy in the determination, and in such cases successive reviews are not permitted." (p. 248.)

The case is really an authority for what has been said here.

From what has been said it follows that the objection of appellant to the consideration of the application for modification should have been sustained.

The judgment of the district court is reversed with directions to proceed in accordance with the first award of the commissioner of workmen's compensation, as described heretofore.