No. 30,814.

W. H. HURST, *Appellee*, v. THE INDEPENDENT CONSTRUCTION COMPANY and THE MARYLAND CASUALTY COMPANY, *Appellants*.

(16 P. 2d 540.)

Opinion filed December 10, 1932.

*A. B. Keller, George R. Malcolm* and *C. A. Burnett*, all of Pittsburg, for the appellants.

*Sylvan Bruner* and *Walter P. Davis*, both of Pittsburg, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This appeal in a workmen's compensation case is by the respondent and insurance carrier from an award of the district court made on an application for a review and modification under R. S. 1931 Supp. 44-528 on the grounds that the award was inadequate and that the incapacity and disability of the claimant had increased since the original award had been made. This application was filed with the commissioner before the final payment had been made under the original award. The examiner upon a full hearing increased the award, which was approved by the commissioner, and upon appeal to the district court the award was affirmed, from which judgment the respondent and insurance carrier appeal to this court.

The accident resulted in an injury to both feet and a compound

fracture and dislocation of the left ankle. Many of the usually controverted points were covered by stipulation, and the finding of the commissioner made on November 9, 1929, was that claimant was temporarily totally disabled from May 11, 1928, to July 13, 1929, and was entitled to compensation for that time at the rate of $18 per week, which compensation the commissioner found had been completely paid. The commissioner also found that claimant had made an uneventful recovery in the right leg, but had sustained a 90 per cent permanent partial loss of the use of the left foot and was entitled to compensation for 90 per cent of 125 weeks, or 112½ weeks, or a total sum of $2,025, payable at the rate of $18 per week, and the award of the commissioner was made accordingly. From this award the claimant appealed to the district court, but later voluntarily dismissed his appeal.

The defendants filed an application to review and modify the award because it was excessive and because the incapacity or disability of the claimant had diminished. This was likewise voluntarily dismissed. Later, and on June 23, 1931, the claimant filed with the commissioner his application to review and modify the award because it was inadequate and his incapacity and disability had increased. After a hearing the commissioner on December 21, 1931, made an award on review, the essential portions of which are as follows:

"The original award herein found that there was a 90 per cent permanent partial loss of use of the left foot, which involved the finding that the injury had resolved itself into a scheduled injury. It now appears from the evidence that at the time this tremendous weight fell on claimant's feet and legs there was some breaking down of the arch of the right foot. It is probably true that the discomfort, or most of it, in the right foot could be cured by claimant wearing what is known as an arch-support shoe, but the injury being to both feet, it should no longer be considered a scheduled injury and claimant must be examined as to his general ability to perform manual labor. In considering this question we find claimant with an iron brace running from just under his knee to the bottom of his left foot, without which brace his foot would be entirely useless to him, and with another brace under the arch of his right foot. Surely this presents a picture of a man crippled at least partially in the performance of labor. The extent of his general disability is entirely a guess. It is true that some sorts of employment are still open to claimant, but most forms of manual labor necessitate the use of feet and legs, and at this claimant's handicap is almost total.

"After considering the matter from all angles it is thought that commencing at the expiration of the original award herein claimant should have an award of $13.50 per week until he has been compensated in all for 415 weeks, such

415 weeks to include the weeks for which claimant has already been compensated. This compensation is figured on a basis of 75 per cent disability."

· From this award the defendants appealed to the district court where the award of the commissioner was approved and affirmed, and the defendants, respondent and insurance carrier have appealed therefrom to this court.

In the hearing before the commissioner on the application to review and modify the award, much evidence was introduced concerning the right foot, to which objections were regularly made but overruled. The theory of the appellants is that the claimant had no right, on the hearing of his application to review and modify the award, to go into the condition of the right foot and try over again the condition of that foot and increase the award theretofore allowed only for the left foot because of any disability of the right foot after the examiner and commissioner had found that the right foot had made a recovery and was well. It had been the theory and position of the claimant from the very beginning that there was disability in both feet from the time of the injury, but there was no award for any disability in the right leg or foot. Appellants assert and insist that there can be no review or modification where there has been no award, for the reason that there is nothing to review or modify. They cite the cases of *Mishler v. Kelso Grain Co.*, 133 Kan. 38, 298 Pac. 655, and *Gant v. Price*, 135 Kan. 333, 10 P. 2d 1082, which appear to be in point and controlling. The following extracts from the opinion in the former seem to be pertinent and applicable:

"It is perfectly plain from these provisions of the statute that the review section relates to an award of compensation, not to a refusal to award compensation; to an award specifying amount of payments to be made and length of time payments shall continue; to an award which may be modified by subsequent written agreement changing terms of payment of compensation; to an award which contemplates a final payment entitling the employer to a final receipt for compensation. Until such an award has been made, the review section has no function to perform. . . . A final judgment denying compensation is not an award of compensation, and the result is, there has been no award of compensation which may be modified. Liability may not be either increased or decreased by order of court. The workman must find his remedy in the statute. The review section operates only on an award of compensation which has been made, and does not authorize a workman to procure an initial award of compensation under the guise of review of a final determination that he was not entitled to compensation." (pp. 40, 41.)

In the Gant case, *supra,* the court distinguishes between cases where the finding of the commissioner is directed to the future and not the present or past. The legislature in its wisdom made provision for review and modification of an award for disability running into the future, where human and expert judgment could easily be mistaken as to how long the disability might continue or how much worse or better it might become in the future, but no provision needed to be made or was made for a present or past condition that was determined and out of the way. These cases have placed a construction upon the statute permitting a review or modification (R. S. 1931 Supp. 44-528) to the effect that where there is no injury or a recovery and no award there can be no review or modification. The following language of the statute stating what may be done in case the award is reviewed and modified shows it is impossible to do the things permitted thereby unless there had already been an award which could be increased or diminished:

" . . . the commission may modify such award upon such terms as may be just by increasing or diminishing the compensation subject to the limitations hereinbefore provided in this act. . . ."

Claimant assigns and urges two reasons why these two decisions and the positive rules therein announced do not apply to the facts in this case: First, that the original award made by the examiner and commissioner never became final because it was never approved or affirmed by the district court, and quotes from the opinion in the Gant case, *supra,* where the history of that case, upon appeal to the district court, was stated. A multitude of compensation cases are never appealed to the district court. It is only when one of the litigants is dissatisfied with the finding or award that an appeal is taken. The claimant appealed in this case but later voluntarily dismissed his appeal. We may reasonably assume that he appealed because he was dissatisfied with the finding that there was an uneventful recovery of the right leg. The appeal could hardly have been taken by claimant because he was not awarded more than 90 per cent of the scheduled allowance for the loss of the use of the left foot. R. S. 1931 Supp. 44-556 permits either party to appeal to the district court from the finding and award of the commissioner.

"Any party to the proceedings may appeal from any and all decisions, findings, awards or rulings of the commission to the district court of the county where the cause of action arose upon questions of law and fact as presented

and shown by a transcript of the evidence and proceedings as presented, had and introduced before the commission."

No appeal is required. Claimant accomplished nothing by taking an appeal and later voluntarily dismissing it. It leaves the finding and award just as made by the commissioner, except that an award may be reviewed and modified. There is no such provision about findings. They are final if no appeal is taken. The finding in this case was that the right foot had recovered. The appeal from that ruling was voluntarily dismissed, and that leaves this finding as final, as it would have been if no appeal had ever been attempted.

The other reason urged by the claimant why a review and modification is proper in this case is that the loss of both feet or both legs in the absence of proof to the contrary constitutes a total permanent disability, citing *Honn v. Elliott,* 132 Kan. 454, 295 Pac. 719, where it was held that an injury to both feet compensable under the statute should not be computed as a scheduled injury. This would have been strictly applicable if the finding had been that both feet were incapacitated, but one was found to have recovered, and all the compensation for the temporary disability was found to have been fully paid. These are two separate members of the body and constitute separate injuries and are not like a disability to a right arm and the right shoulder. There is no intimate connection between the injured parts. For the purpose of this case it is conceded in the argument that an application for review and modification of the award as to the left foot might be had, and there was no objection made to the introduction of testimony concerning the left foot, but while that question is not raised here there is no doubt about the right to apply under the statute for a review and modification where the award is for a scheduled injury.

We think that neither the failure of the award to have the approval of the district court on appeal, nor the fact of the original injury being to two members of the body where one had recovered, will take the case out of the rule stated in the Mishler case, *supra,* and permit a review and modification in a compensation case concerning a matter on which there never was an award.

The judgment under the application for review and modification is reversed.