No. 30,831.

GEORGE E. RICHARDSON, *Appellee*, v. THE NATIONAL REFINING COMPANY and THE COLUMBIA CASUALTY COMPANY, *Appellants*.

(21 P. 2d 307.)

Opinion on rehearing filed May 6, 1933. (For original opinion of affirmance see 136 Kan. 724, 18 P. 2d 131.)

*Irwin Snattinger, Hugh T. Fisher, E. B. Smith,* all of Topeka, *Carl E. Ziegler,* of Coffeyville, and *E. R. Adams,* of Kansas City, Mo., for the appellants.

*Charles D. Ise,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

SMITH, J.: In this case an opinion affirming the judgment of the lower court was handed down in January, 1933. The judgment of the lower court allowed compensation at the rate of $15.84 per week. The court assumed that this amount was due at the end of the first week after the injury, another $15.84 at the end of the second week and so on for each succeeding week. The judgment further provided that these sums should bear interest at 6 per cent per annum from the time each became due till the date of the hearing before the examiner.

On July 1, 1931, the examiner found that there was due claimant the sum of $1,742.40. This action was approved by the court and in its judgment the court allowed interest on this sum at 6 per cent per annum from that date to the date of judgment. Respondent assigned this allowance of interest as one of the errors of the trial court.

The question was not dealt with in the opinion of affirmance. (See *Richardson v. National Refining Co.,* 136 Kan. 724, 18 P. 2d 131.) A rehearing has been granted respondent on the question of interest alone.

There are authorities that hold that a claim under the workmen's

compensation act is a claim on a contract; that a claim on a contract draws interest from the time it is due; that compensation is due when the injury occurs—hence an award of compensation should draw interest from the time of the injury. This is the rule as announced in *Brown v. City of Pipestone*, 186 Minn. 540, 245 N. W. 145; *Nester v. Korn Baking Co.*, 194 Ia. 1270, 190 N. W. 949, and *McMurray v. Peabody Coal Co.*, 281 Ill. 218, 118 N. E. 29. Indeed, this court has announced this to be the rule. (See *Johnson, Guardian, v. Milling Co.*, 116 Kan. 731, 229 Pac. 359.) The trouble is, however, that the above case was written construing the compensation act as it existed in this state prior to the legislative session of 1927. (See R. S. 44-534.) That section provided for enforcing payment of the award and among other things contained the following provision:

"The judgment in the action, if in favor of the plaintiff, shall be for a lump sum equal to the amount of the payments then due under this act, with interest on the payments overdue."

At the 1927 session of the legislature an act was passed which covered the whole field of workmen's compensation. That enactment is a comprehensive one and makes careful provision for the calculation of the amount due as compensation. (See Laws of 1927, ch. 232.) This act did not include any provision for interest upon deferred payments for compensation. The act does have the following provision:

"Whenever the workman is entitled to compensation for a specific injury under the foregoing schedule the same shall be exclusive of all other compensation, except the benefits provided in paragraph 1 of this section, and no additional compensation shall be allowable or payable for either temporary or permanent disability." (See R. S. 1931 Supp. 44-510 [3] [21].)

Since the statute enacted in 1927 did not make any provision for interest, and while the statute as it had been in force up to that time had made such provision, we have concluded that it was the intention of the legislature not to provide that deferred payments of workmen's compensation should draw interest.

The judgment of the trial court will be modified in accordance with the views herein expressed.