No. 35,553

FELIX RICHARD CALONDER, *Appellee*, v. F. H. FREETO CONSTRUCTION
COMPANY, and/or F. H. FREETO and LIBERTY MUTUAL INSURANCE
COMPANY, *Appellants*.

(126 P. 2d 209)

Opinion filed
June 6, 1942.

*A. B. Keller,* of Pittsburg, argued the cause, and *George R. Malcolm, C. A. Burnett* and *Jack F. Wayman,* all of Pittsburg, were on the briefs for the appellants.

*Sylvan Bruner,* of Pittsburg, argued the cause, and *B. N. Dunham,* of Chanute, *Pete Farabi* and *Morris Matuska,* both of Pittsburg, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is a workmen's compensation case. The claimant prevailed, and the respondent and insurance carrier appeal.

The only issue presented is whether a claimant may have a review, before the commissioner of workmen's compensation, of an award of a district court where the court finds the disability of the workman does not extend into the future from the date of its own award, but does find disability extended into the future from the date of the commissioner's award, provided final payment of the award has not been made. Appellants contend he cannot and appellee contends, upon good cause shown, he is entitled to such a review.

In view of the candid admission of appellants that the only issue now presented is the one stated, it is necessary to narrate only a few pertinent facts. The original award of the commissioner included a finding that the disability of the workman extended into the future. According to his finding the disability extended beyond the date on which the district court made its award. All the parties appealed to the district court from the award of the commissioner. The district

court found the disability extended into the future from the date of the commissioner's award, but that disability had terminated prior to the date of its own award. Appellants tendered to appellee the amount found to be due under the award of the district court, but appellee rejected the tender. It was his contention his disability had increased subsequent to the hearing before the commissioner. Within twenty days appellee filed an application with the commission for a review and modification of the district court award. Appellants objected to a review on the ground the commissioner had no jurisdiction to review the award of the district court and that appellee's only remedy was by appeal to the supreme court. Appellee insisted that since his application for review alleged an increase of disability which became evident after the hearing before the commissioner, the district court could not have been advised concerning the increased disability from the transcript of the record presented on appeal to the district court and that he was, therefore, entitled to a review by reason of such changed condition. The commissioner allowed the application for review and heard testimony in support thereof. It is unnecessary to state the detailed findings of the commissioner which were made on review. It is sufficient to note that according to such findings the disability of the workman extended into the future and beyond the date previously determined by the district court. Appellants perfected an appeal to the district court. Between the time of the hearing on the first appeal in the district court and the hearing of the second appeal to that court, the Honorable J. T. Cooper, judge of the district court of Neosho county, died, and the Honorable LeRoy Bradfield was appointed to succeed him. The district court on the last appeal, in substance, found: The first award of both the commissioner and the district court provided for compensation in the future; the commissioner had not lost jurisdiction to review the award of the district court and the district court possessed jurisdiction to hear and determine the new matters presented by the second appeal; claimant's injuries and disability had increased since the first award of the commissioner and the award previously made by the district court should be increased.

Appellants do not contend there was no evidence of increased disability or that the amount of the last award of the district court is unsupported by evidence. They contend the commissioner had no jurisdiction to entertain a review of the first award of the district court unless that court found disability extended beyond the date

of the district court award. In support of that view they rely strongly upon the decision in *Gant v. Price,* 135 Kan. 333, 10 P. 2d 1082. In that case, as in the instant one, final payment of the award had not been made. It is true we there held the statute (G. S. 1935, 44-528) which provides for reviews before the commissioner relates to an award which provides for payments on a disability that extends into the future. (*Gant v. Price,* supra, p. 335.) The decision in the Gant case, however, is not authority for appellants' contention that the review statute is applicable only to cases in which the disability extends beyond the date of the district court award. The case is authority for the proposition that the review statute is intended to cover cases in which the award of the *commissioner* is directed to the future, and that the review statute is not applicable to cases where the finding pertains to a past fact, namely, that disability had ceased prior to the filing of the application before the *commissioner.* (For the same distinction see, also, *Hurst v. Independent Construction Co.,* 136 Kan. 583, 586, 16 P. 2d 540.)

In the Gant case it was said:

"Here the commissioner of workmen's compensation had found the facts to be that the disability of appellee had ceased before the first application was filed with the commission. This finding and award were appealed to the district court. The court approved the findings and award. When this was done the judgment of the district court took on all the attributes of finality that any case takes that is submitted to a district court for determination. The only remedy left is the appeal provided for to the supreme court." (p. 335.)

It has been held there can be no review before the commissioner to determine the *extent* of future disability after it has been determined with finality on appeal to the district court that *all* disability had ceased prior to the date of the commissioner's award. (*Mishler v. Kelso Grain Co.,* 133 Kan. 38, 298 Pac. 655; *Hurst v. Independent Construction Co.,* supra, p. 586.)

In the instant case, however, the award of both the commissioner and the district court contained an express finding that disability extended into the future, that is, beyond the date of the commissioner's award. Now, it was appellee's contention, and his application for review alleged, the extent of his future disability had increased after the hearing before the commissioner and that the evidence concerning such increased disability was no part of the record presented to the district court for review. If true, there existed a changed condition to which the review statute was expressly intended to apply. The pertinent portion of G. S. 1935, 44-528, provides:

"At any time before but not after the final payment has been made under or pursuant to *any* award . . . it may be reviewed by the *commission* upon good cause shown upon the application of either party, and . . . the *commission* shall hear all competent evidence offered and if *it* shall find that the award . . . is excessive or inadequate, or that the incapacity or disability of the workman has increased or diminished, the *commission* may modify such award . . ." (Emphasis supplied.)

It will be observed the statute expressly says "any award" may be reviewed by the commission upon good cause shown at any time before but not after final payment has been made. It therefore, for good cause shown, authorizes the commission to review an award of the district court. Increased incapacity or disability of the workman is one of the causes for which a review may be had. In the instant case final payment of the award had not been made. In *Corvi v. Crowe Coal & Mining Co.*, 119 Kan. 244, 237 Pac. 1056, the award previously had been reviewed and modified twice. It was determined the final payment of the award had not been made. We there held:

"The workmen's compensation act provides that at any time before final payment of an award has been made the award may be reviewed, and if the court shall find that incapacity of the workman has increased, the award may be modified accordingly. This provision authorizes review and modification of an award which has been previously reviewed and modified." (Syl. ¶ 1.)

In the opinion it was said:

"A modified award is still likely to rest on prediction, and if the prediction should prove to be wide of the truth, further adjustment to accord with the facts ought to be made. To illustrate: A workman receives an injury to his foot, and compensation is awarded contemplating full recovery in a year from date of the award. Before final payment it becomes manifest that consequences of the injury will persist beyond the year, and the award is modified. Afterwards necrosis is discovered, necessitating amputation. The modified award should be reviewed and modified, and the only time limitation stated in the statute or adjusting compensation to increased or diminished capacity is 'any time before final payment has been made.'" (p. 247.)

See, also, *Yehle v. Stamey-Tidd Const. Co.*, 150 Kan. 440, 94 P. 2d 328; *Farr v. Mid-Continent Lead & Zinc Co.*, 151 Kan. 51, 98 P. 2d 437; *Jennings v. Aylward Production Co.*, 151 Kan. 142, 98 P. 2d 454; *Bailey v. Skelly Oil Co.*, 153 Kan. 378, 380, 110 P. 2d 746.

While the review statute provides for a review of "any award" it might at first glance appear the commissioner is thereby authorized to exercise appellate review over the decision of a district court, but clearly that is not true. The review here involved and authorized by the statute applies to a changed condition of the workman not re-

flected in the transcript of the record previously presented to the district court on appeal. We therefore have no hesitancy in concluding the statute authorizes the commissioner, for good cause shown, to review an award of the district court where the award provides for payment of compensation on a disability that extends into the future from the date of the commissioner's award, and the only limitation of the right to adjust compensation to increased or diminished capacity is final payment of the award.

The judgment is affirmed.