No. 37,040

ANNA L. LARRICK, *Appellant,* v. HERCULES POWDER COMPANY and EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY, *Appellees.*

(188 P. 2d 639)

Opinion filed January 24, 1948.

*Joseph Cohen,* of Kansas City, argued the cause, and *Charles S. Schnider, Sol. M. Weinstein,* both of Kansas City, and *Clayton Brenner,* of Olathe, were with him on the briefs for the appellant.

*James K. Cubbison,* of Kansas City, argued the cause, and *Blake A. Williamson, Lee Vaughan,* both of Kansas City, and *Howard E. Payne,* of Olathe, were with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This appeal arises from a proceeding under the workmen's compensation act, the principal question submitted being whether an award of compensation was prospective in operation so as to authorize proceedings for its review and modification, or, on the contrary was retrospective and final.

The record discloses that on June 1, 1945, the workman sustained an accidental injury and made a claim for compensation which was heard on October 19, 1945. On December 19, 1945, the compensation commissioner approved an award for twenty-five compensable weeks of temporary total disability payable at the rate of $18 per week, or the total sum of $450, all of which was past due and owing and was ordered paid in one lump sum. The award continued as follows:

"Further award is made in favor of this claimant and against the respondent and insurance carrier in that they are ordered to pay the bill of Dr. T. W. Reid, Gardner, Kansas, and provide further medical and hospital care for the claimant at an expense in all not to exceed five hundred ($500) dollars."

Neither party appealed from the award. The workman accepted payment of $432 of the award and refused payment of $18. On January 17, 1946, she filed her application for a modification and review of the award of December 19, 1945, claiming that she was

still disabled. When this application came on for hearing, the respondent objected to the introduction of any evidence on the ground that the previous award was complete, final and fully *res judicata;* that the workman's disability had ceased prior to the rendition of the award, and even though the last payment of compensation had not been accepted by the workman, there could be no review of the award. The compensation commissioner made no immediate ruling on the objection, but stated he would hear the evidence, and did so. On December 2, 1946, the commissioner found that the award of December 19, 1945, was for twenty-five compensable weeks; that it was assumed by the examiner, at the time, the respondent would furnish the claimant with professional service after the original hearing upon which the award was later based and he therefore made an indefinite award in behalf of the workman as her doctor at the original hearing testified that four or five weeks' treatment would aid her; that since the award of December 19, 1945, made no provision for prospective payments of compensation, and only provided for compensation which was past due, the workman was precluded from relief by the principles of law set out in *Williams v. Lozier-Broderick & Gordon,* 159 Kan. 266, 154 P. 2d 126, and her application for review and modification was denied and dismissed.

The workman appealed to the district court, which filed a written opinion in which it reviewed the situation, directed attention to *Gorrell v. Battelle,* 93 Kan. 370, 144 Pac. 244, and *Dobson v. Apex Coal Co.,* 150 Kan. 80, 83, 91 P. 2d 5, as holding that the workmen's compensation act provides for compensation during incapacity and that the implication is that compensation should cease when incapacity ends, and concluded that the original award of December 19, 1945, in effect declared that incapacity had ceased before the award was entered; that the award was retrospective so far as the direction to furnish medical aid was concerned since at the time of the hearing on October 19, 1945, enough of the compensable time of twenty-five weeks remained so that medical aid could have been furnished contemporaneously therewith and therefore the award was final in event of failure to appeal. The court affirmed the order of the compensation commissioner.

In this court the workman's contentions, shortly stated, are that the trial court erred in affirming the order of the compensation commissioner in that the furnishing of medical service by the employer to the workman is payment of compensation (*Wolgamott v.*

*Vinegar Hill Zinc Co.*, 151 Kan. 374, 99 P. 2d 755; *Pittman v. Glencliff Dairy Products Co.*, 154 Kan. 516, 119 P. 2d 470; and *Bishop v. Dolese Brothers Co.*, 155 Kan. 288, 124 P. 2d 446; and cases cited); that this court has held that the furnishing of medical treatment is the payment of compensation so as to toll the statute of limitations (*Richardson v. National Refining Co.*, 136 Kan. 724, 18 P. 2d 131, mod. 137 Kan. 473, 21 P. 2d 307; *Ketchell v. Wilson & Co.*, 138 Kan. 97, 23 P. 2d 488), and if the furnishing of medical attention is sufficient for that purpose, it is sufficient to make an award prospective to the extent of authorizing a review and modification where the future medical attention ordered and furnished does not result in a total cure of the workman but leaves her still disabled. It is further contended that if the award is prospective, either by way of money payment or medical treatment, it is prospective for all purposes of review and modification. Although not specifically saying so, the workman contends the award of December 19, 1945, was ambiguous, but that she is entitled to have each and every part of it considered so as to make it, as a whole, consistent, effective and reasonable, and to a construction that will result in a correct and valid judgment and not an incorrect or invalid one (*McHenry v. Smith*, 154 Kan. 528, 119 P. 2d 493; *Sharp v. McColm*, 79 Kan. 772, 101 Pac. 659), and that properly considered, the award was effective only at the time it was made and the allowance of medical expense was a valuable judgment in her favor. The workman also devotes some space to distinguishing decisions of this court mentioned in the opinion of the district court. She also states that the respondent made no attempt to furnish her medical attention, and thereafter (after December 19, 1945) she obtained her own doctors and medical treatment. The workman, after directing attention to G. S. 1935, 44-523, which provides that the commission shall file its report within thirty days after the hearing, and to the fact that although the hearing was held October 19, 1945, the report and award were not filed until December 19, 1945, argues that the award should be considered as having been filed November 19, 1945, and so considered that parts of the payments found due would have been prospective and not retrospective, and therefore the award should be treated as a prospective and not a retrospective one, and subject to modification and review. The workman's last contention is that her right to review and modifica-

tion of the award depends on whether compensation was allowed prospectively and not upon the existence of her incapacity.

Our attention is directed to the evidence received on the hearing of the original claim on October 19, 1945, resulting in the award of December 19, 1945, and to the evidence received on the hearing of the petition for modification and review of that award in July and October, 1946, but in view of the fact that the only question before us is the force and effect of the award of December 19, 1945, we need not review any evidence.

For the purposes of our discussion it may be conceded that this court has held in more than one instance that the furnishing of medical services by an employer to an employee is the payment of compensation under the workmen's compensation act. See, *e. g.*, *Wolgamott v. Vinegar Hill Zinc Co.*, supra, and cases cited. And this court has likewise held in more than one instance that the duration of a workman's incapacity is a question of fact to be determined by the trier of the facts. See *Cowan v. Kerford Quarry Co.*, 146 Kan. 682, 72 P. 2d 999, and cases cited. It has also held, in effect, as found by the district court, that compensation should cease when incapacity ends. See *Gorrell v. Battelle* and *Dobson v. Apex Coal Co.*, supra.

In reaching his conclusion that the petition for modification and review should be denied, the compensation commissioner made it clear that he relied upon the principles of law set out in *Williams v. Lozier-Broderick & Gordon*, supra, and on appeal the district court affirmed that conclusion. Appellant directs attention to that case and urges that a review of the facts there will show that the payments under the award extended after the award was made; that there was no question there as to the prospective nature of the award at the time it was made, and that the opinion has no applicability here. It is true there was a different state of facts and that the precise question now before us was not involved in that case. The opinion discloses, however, that on January 14, 1943, an award was made for a period of thirty-four weeks commencing September 10, 1942, and that the workman did not file his application for modification and review of the award until August 18, 1943, or long after the award by its terms had expired. Attention was directed to the applicable statute (G. S. 1935, 44-528), and without following out the reasoning of the court, reference being made to the opinion therefor, it was held that where the trial court found that the claim-

ant had been disabled for a period of time which had ended before the filing of the application for review and modification, there could be no award of compensation extending into the future. In that case none of our decisions is cited, but the reasoning of that case is in accord with the decision in *Gant v. Price,* 135 Kan. 333, 10 P. 2d 1082, to which reference is made for the facts, and where it was held that the statute above mentioned is intended to cover cases where the award of the commissioner is directed to the future and not to cases where the findings were of a past fact, and where the commissioner found that disability had ceased before the case was filed before him, and on appeal that finding was approved by the district court, the workman could not later be heard on an application to review and modify the award of the commissioner.

It may also be noted that in *Dobson v. Apex Coal Co.,* supra, and cases cited, it was held that in a workmen's compensation proceedings an award by the commissioner which is not appealed from becomes final and binding on the parties.

The award of December 19, 1945, shows on its face that incapacity had ended when the award was made. No appeal was taken and the award became final. Even though it be conceded the report should have been filed not later than November 19, 1945, that report showed that disability had ended prior to the time the petition for review and modification was filed on January 17, 1946. If the award be construed that the medical service mentioned was payment of compensation to be made in the future, and that the award was therefore prospective in operation, then it was for compensation after disability had ended, and under our decisions, not valid. The reasonable construction of the award would be one that was valid and in harmony with our past holdings, and that the medical service to be furnished was that between the date of the hearing and the time that incapacity of the workman ended. That was the construction placed on the award by the compensation commissioner in the first instance, and by the district court on appeal, and is the construction which the statute and our decisions compel.

The judgment of the district court is affirmed.