Nos. 42,391, 42,487, 42,511, Consolidated

ETHEL E. FLEMING, *Appellee* and *Cross-Appellant,* v. NATIONAL CASH REGISTER COMPANY, a corporation, and THE TRAVELERS INSURANCE COMPANY, a corporation, *Appellants.*

(363 P. 2d 432)

 Opinion filed
July 8, 1961. 

*George K. Melvin,* of Lawrence, argued the cause, and *John B. Pierson* and *Richard O. Skoog,* both of Ottawa, were with him on the briefs for the appellants in case No. 42,391 and case No. 42,487, and for the appellees in case No. 42,511.

*D. S. Hults,* of Lawrence, argued the cause, and *George V. Allen,* of Lawrence, was with him on the briefs for the appellee in case No. 42,391 and case No. 42,487, and for the appellant in case No. 42,511.

The opinion of the court was delivered by

WERTZ, J.: This was an action filed in the district court of Douglas county by Ethel E. Fleming, plaintiff (appellee), against the National Cash Register Company and The Travelers Insurance Company, defendants (appellants), to recover, under the provisions of G. S. 1949, 44-512a, a lump-sum judgment based upon a workmen's compensation award on the ground that defendants had failed to pay the compensation installments when due and within two weeks after plaintiff's demand upon defendants in the form provided by statute. Defendants appeal in case No. 42,391 from the lump-sum judgment entered by the trial court, and in case No. 42,487 from the judgment of the trial court allowing interest on the mentioned judgment. The plaintiff cross-appeals in case No. 42,511 from an order of the trial court refusing her the allowance of attorney fees.

Although this case began as a simple action to recover a lump-sum judgment under G. S. 1949, 44-512a, confusion resulted from the injection of matters not joined within the pleadings due to an attempt by defendants to collaterally attack the award of the commissioner.

The portions of the record and the stipulated facts necessary to determine the questions here are as follows: On January 27, 1959, the workmen's compensation commissioner, after a hearing, made an award of compensation in favor of the plaintiff, Ethel E. Fleming, and against the defendants, the National Cash Register Company and its insurance carrier, The Travelers Insurance Company,

in the amount of $9,000, payable at the rate of $28 a week. The commissioner found that the compensation then due and owing the plaintiff from March 10, 1956, one week after the death of the workman (her husband), to January 31, 1959, was the sum of $4,228, which defendants were ordered to pay in a lump sum. The balance of the compensation awarded was ordered paid at the rate of $28 a week until fully paid or until further order of the commissioner. The order further provided that defendants reimburse the plaintiff in the sum of $450 funeral expenses paid by her. On February 16, 1959, defendants appealed from the commissioner's award to the district court of Franklin county.

After this appeal was argued and submitted and the trial court had taken the same under advisement, it was discovered that a deposition of one of defendants' witnesses filed in the proceeding before the commissioner had been misplaced and not considered by him in making his award. The defendants then filed a motion asking the Franklin county district court to re-submit the cause to the workmen's compensation commissioner for a full consideration of all the evidence, or, in the alternative, to consider the deposition. On July 8, 1959, the district court of Franklin county sustained defendants' motion and ordered that the entire file be returned to the commissioner for further consideration of the case. The entire file was returned to the commissioner. No appeal was taken to this court from the mentioned order.

On July 25, 1959, plaintiff made written demand of defendants (which was served upon them on July 27), in accordance with G. S. 1949, 44-512a, for payment of the entire amount awarded her by the commissioner on January 27, 1959. On July 30 defendants acknowledged receipt of the demand and stated in part:

"As you are fully aware, this matter is now in the hands of the compensation commissioner under the orders of the District Court of Franklin County, Kansas, and we are obliged to deny the demand contained in your letter in view of the pending litigation."

On August 24, 1959, plaintiff filed this action in the district court of Douglas county to recover, under section 44-512a, the total award of compensation made in her favor. The petition set forth the terms of the award, defendants' failure to make the payments under the award as ordered, plaintiff's written demand for the payments due and defendants' refusal to make such payments. Plaintiff sought therein to recover the lump-sum judgment, together with interest, and a reasonable attorney's fee.

The defendants' answer admitted the award by the workmen's compensation commissioner as alleged by the plaintiff, and, as a defense, alleged that defendants had filed in proper time their notice of appeal from the award to the district court of Franklin county; that the appeal was then pending, and that until such time as it was determined, there could be no judgment against them and plaintiff's action was premature.

The district court of Douglas county found upon the pleadings and stipulated facts and that the action of the district court of Franklin county in remanding the case to the commissioner for further hearing was tantamount to a dismissal of defendant's appeal; that upon dismissal of the appeal the award of the commissioner remained in full force and effect; that no payment had been made as provided in the award, and that the plaintiff was entitled to judgment for the full amount of the award. Judgment was entered accordingly. The trial court further found that plaintiff was entitled to interest on the amount of the judgment at the rate of six per cent from August 12, 1959, which date was two weeks after plaintiff's written demand for payment was served upon defendants in accordance with section 44-512a, and entered judgment accordingly. The trial court further found that defendant insurance carrier's refusal to pay upon demand could not be said to be without just cause or excuse, and that plaintiff was not entitled to attorney fees under G. S. 1959 Supp., 40-256. Judgment was entered in accordance therewith.

The gist of defendants' first contention is that since the district court of Franklin county remanded defendants' appeal to the compensation commissioner for further consideration, there was no final award and hence plaintiff could not maintain the instant action.

It is the settled rule in this jurisdiction that under the provisions of the workmen's compensation act the district court has no authority to remand a case to the commissioner for further proceedings after an award has once been made. It is within the province of the district court to review a case upon receipt of a transcript from the compensation commissioner and to grant or refuse compensation, or to modify the award in accordance with its determination of the questions of fact and law. (*Attebery v. Griffin Construction Co.,* 181 Kan. 450, 461, 312 P. 2d 598.) Moreover, the district court may not grant a trial *de novo* or hear new evidence (*Place v. Falcon Seaboard Drilling Co.,* 186 Kan. 523, 527, 350 P. 2d 788).

In *Willis v. Skelly Oil Co.*, 135 Kan. 543, 544, 11 P. 2d 980, we quoted from *Fougnie v. Wilbert & Schreeb Coal Co.*, 130 Kan. 410, 286 Pac. 396, as follows:

" 'The workmen's compensation act prescribes its own procedure for a judicial review of proceedings had before the compensation commission, and on appeal the district court has no jurisdiction to remand the cause to the compensation commission to admit further evidence theretofore rejected or ignored by the commission; nor is the court authorized to hear evidence supplementing the record shown by the transcript, nor to grant a trial *de novo.*' "

See also *Employers' Liability Assurance Corp. v. Matlock*, 151 Kan. 293, 299, 98 P. 2d 456.

It is apparent the order of the district court of Franklin county sustaining defendants' motion to remand the case to the commissioner for further consideration amounted to a dismissal of defendants' appeal. No appeal was taken to this court from this order in the time provided by law. The commissoner's award therefore became final and remained in full force and effect as if no appeal had been taken therefrom. (*Hurst v. Independent Construction Co.*, 136 Kan. 583, 16 P. 2d 540.)

Defendants next contend that the award of the commissioner is not final for the reason that he has not reopened the case to consider the deposition of one of defendants' witnesses, and has not made a new award based upon all the evidence.

When the hearing of a claim for compensation has been completed and the compensation commissioner has received and considered all the evidence and made his award thereon, and no appeal is taken from such award, the compensation commissioner does not have authority to grant a rehearing on the claim for compensation, either on his own motion or at the request of one of the parties. The fact that the request is for a more complete hearing does not enlarge the authority of the compensation commissioner to grant a rehearing. (*Walz v. Missouri Pac. Rld. Co.*, 142 Kan. 164, 45 P. 2d 861.)

In *Hurst v. Independent Construction Co.*, supra, we said:

"A finding or award made by the compensation commissioner in a workmen's compensation case is final unless an appeal is taken therefrom within the prescribed time, and of the same force and effect as if the finding and award had been affirmed by the district court on appeal, and an appeal regularly taken and voluntarily dismissed by appellant does not affect the finality of the finding or award, the award being subject only to the statutory provisions for its review or modification."

In *Walz v. Missouri Pac. Rld. Co.,* 130 Kan. 203, 285 Pac. 595, this court held that the order of the workmen's compensation commissioner on August 20, 1929 setting aside his award of August 12, 1929, and directing a rehearing on the claim, was void.

It is apparent that the rules of the civil code are not applicable to workmen's compensation proceedings. There is no provision in the act for motions for rehearing. There is no provision for modification of an award once made by the commissioner except as found in section 44-528, which provides for review, under certain conditions, by the commissioner at any time before, but not after, final payment. When an award has been made by a commissioner, the only recourse for an aggrieved party, aside from the relief afforded by section 44-528, is by appeal to the district court. To permit the commissioner, upon motion of parties or upon his own motion, to reopen a case and vacate or modify an award which he has made would open the way to delays in compensation cases. This is one of the results which the legislature sought to prevent. The commissioner has no power to set aside an award which he has made and grant a rehearing. (*Gray v. Hercules Powder Co.,* 160 Kan. 767, 165 P. 2d 447.)

Under the provisions of G. S. 1949, 44-512a, a failure to pay within two weeks after written demand any part of the compensation awarded or any installment thereof when due makes the entire amount of compensation awarded immediately due and payable, and authorizes the workman or any party entitled thereto to maintain an action for the recovery of the entire amount (*Bentley v. State Department of Social Welfare,* 187 Kan. 340, 356 P. 2d 791; *Redenbaugh v. State Department of Social Welfare,* 187 Kan. 320, 356 P. 2d 794; *Owen v. Ready Made Buildings, Inc.,* 180 Kan. 286, 303 P. 2d 168; *Owen v. Ready Made Buildings, Inc.,* 181 Kan. 659, 313 P. 2d 267). The fact that an employer's appeal from the award is pending in the district court does not alter the rule (*Bentley v. State Department of Social Welfare,* supra).

The record discloses that plaintiff's husband died about March 3, 1956, and that the commissioner made his award January 27, 1959, directing the defendants to pay the amount of compensation due from March 10, 1956, to January 31, 1959, in the sum of $4,228, to reimburse the plaintiff for $450 in funeral expenses and to pay the installments on the balance of the judgment as they became due. Now, in June of 1961, over five years after the death of plaintiff's

husband, the defendants have, even upon written demand, made no payment whatsoever. This court is unable to visualize any reason for dilatory action and long delay in a workmen's compensation case. It certainly was not the intent of the legislature in enacting the workmen's compensation law that such dilatory action and long delay be countenanced. This court does not look with favor upon such conduct. The trial court did not err. in entering judgment for the entire amount of the award.

Defendants also contend that the trial court erred in allowing interest on the judgment. G. S. 1949, 44-512a provides that if any compensation awarded or any installment thereof shall not be paid when due, and service of written demand for payment has been made on the person or persons liable to pay the same and payment is thereafter refused or not made within two weeks from the date of service of the demand, then the entire amount of compensation awarded *shall become immediately due and payable* and the person entitled to such compensation may maintain an action in any court of competent jurisdiction for the collection thereof in like manner as for the *collection of a debt.* G. S. 1949, 16-201 provides that creditors shall be allowed interest at the rate of six per cent per annum for any money after it becomes due.

As stated, the plaintiff, on July 27, 1959, served her written demand for payment of the amount due under the award of the commissioner. Defendants, on July 30, acknowledged receipt of the demand and refused payment. The two weeks after service of plaintiff's demand as provided by statute expired August 10, 1959, at which time the entire amount of the award became due and payable and constituted a debt against defendants. Plaintiff was therefore entitled to maintain an action to recover the amount due as for the collection of a debt, and the district court, under the provisions of section 16-201, properly allowed interest from the date the entire amount of the award became due and payable. Section 44-512a provides a method chosen by the legislature in an attempt to insure the prompt payment of compensation awards (*Bentley v. State Department of Social Welfare,* supra, p. 342).

The plaintiff contends in her cross-appeal that the trial court erred in failing to allow her reasonable attorney fees under G. S. 1959 Supp., 40-256. This statute provides, in substance, that if it

appears from the evidence that any insurance company has refused without just cause or excuse to pay the full amount of a loss, the court, in rendering its judgment against the insurance company, shall allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected as a part of the costs. Plaintiff's contention cannot be sustained as the trial court found in the instant case that under all the facts and circumstances defendant insurance carrier's refusal to pay could not be said to have been without just cause or excuse, and denied plaintiff's request. We cannot say that in view of such a finding the trial court erred in refusing the allowance of attorney fees.

It follows therefore that the judgment of the trial court should be affirmed as to all three appeals. It is so ordered.