No. 44,914

Dixie Marie Coffee, *Appellant,* v. The Fleming Company, Inc., and Aetna Casualty and Surety Company, *Appellees.*

(430 P. 2d 259)

Opinion filed July 12, 1967.

*George E. McCullough,* of Topeka, argued the cause, and *W. L. Parker, Jr., Robert B. Wareheim, Reginald LaBunker,* and *James L. Rose,* all of Topeka, were with him on the brief for the appellant.

*Charles N. Henson,* of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, Charles S. Fisher, Jr., William G. Haynes, Peter F. Caldwell, Roscoe E. Long, R. Austin Nothern,* and *Brock R. Snyder,* all of Topeka, were with him on the brief for the appellees.

The opinion of the court was delivered by

Harman, C.: Here we deal with the application of the review and modification statute (K. S. A. 44-528) to an award of workmen's compensation for *temporary* disability where the period of such disability had expired prior to the time of its adjudication.

The facts pertinent to the appeal are undisputed.

On November 20, 1963, the claimant filed her application for workmen's compensation, alleging she had sustained a series of compensable injuries to her back during the period from February through June 3, 1963, as a result of stooping and twisting in the course of her employment with respondent.

The initial hearing on the application was held before the workmen's compensation examiner on March 3, 1964. Liability was disputed by the respondent, the issues raised being:

"(1) whether or not claimant sustained an accidental injury on the date alleged; (2) whether injury arose out of and in the course of employment; (3) whether respondent had notice; (4) average wage; (5) the nature and extent of claimant's disability; (6) the amount of compensation to be paid; (7) the amount of medical to be awarded."

Claimant testified at this hearing. She contended she had a permanent partial disability as a result of her alleged injury. Further hearing was had on March 12, 1964, at which a neurosurgeon testified. On April 29, 1964, an orthopedic surgeon testified and the case was thereafter submitted to the examiner upon the testimony of these three.

On November 3, 1964, the examiner denied compensation, finding that claimant did not sustain an accidental injury and that any injury did not arise out of and in the course of employment. Upon review pursuant to K. S. A. 44-551 the workmen's compensation director on December 7, 1964, affirmed the examiner's denial of an award.

Claimant then appealed to the district court of Shawnee county, which court, third division, on April 9, 1965, reversed the director and found that claimant had suffered an accidental injury as a result of her twisting and turning in performing her duties on the bean machine for her employer. The court further found she suffered temporary total disability from July 16, 1963, until March 25, 1964, and awarded compensation for thirty-six weeks accordingly, to be paid in one lump sum, and it also entered an award for medical and hospital expense already incurred. Neither party appealed from this judgment.

Here it should be noted that as to ultimate duration of disability the district court's award of compensation for the period July 16, 1963, to March 25, 1964, was manifestly based upon the testimony of the orthopedic surgeon. He testified he examined the claimant on March 25, 1964; despite a history of low back sprain he found no evidence of orthopedic pathology, no disc injury or nerve root irritation; a myelogram performed previously by another doctor was negative; the witness recommended no treatment and was unable to account for claimant's numerous symptoms; in his opinion, *as of March 25, 1964, the claimant could return to work.*

Pursuant to the district court's award the respondent and its

insurance carrier promptly tendered to claimant their draft in lump sum payment of the thirty-six weeks' compensation. Claimant refused this tender and on May 4, 1965, filed her application requesting the workmen's compensation director to review and modify the district court's award of April 9, 1965, pursuant to K. S. A. 44-528, on the ground the award was inadequate and that she had not received final payment under it.

Prior to any ruling on the application the parties by mutual agreement, and on behalf of claimant, took the deposition of another doctor in the form of a report on claimant's physical condition subsequent to the district court's award, which report tended to show an increased incapacity or disability.

The examiner and in turn the director, pursuant to respondent's motion to dismiss, each ruled he had no jurisdiction to entertain the review application. Claimant thereupon appealed from the director's order of dismissal to the district court of Shawnee county. That court, fourth division, in a carefully prepared memorandum opinion, held for the respondent, ruling neither the workmen's compensation examiner nor director had jurisdiction to review and modify the district court award of compensation entered April 9, 1965. Claimant has appealed from that judgment.

The pertinent provisions of K. S. A. 44-528 are:

"At any time before but not after the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties, it may be reviewed by the director upon good cause shown upon the application of either party and in connection with such review the director may appoint a physician or surgeon, or two physicians or surgeons to examine the workman and report to the director and the director shall hear all competent evidence offered and if he shall find that the award has been obtained by fraud or undue influence, or that the committee, or arbitrator, making the award acted without authority, or was guilty of serious misconduct, or that the award is excessive or inadequate, or that the incapacity or disability of the workman has increased or diminished, the director may modify such award upon such terms as may be just by increasing or diminishing the compensation subject to the limitations hereinbefore provided in this act. . . ."

Claimant-appellant argues that having declined the tender of payment of the district court's award of compensation she is entitled to show her condition has worsened; she contends the sole test or restriction laid down in the statute as to its application is whether or not final payment of any award has been accepted by the claimant. Appellant concedes, as she must, that our prior decisions interpreting this statute have been contrary to this theory.

The same statute, so far as applicable here, was considered in *Gant v. Price*, 135 Kan. 333, 10 P. 2d 1082. There the workmen's compensation commissioner found the workman had been totally disabled for a number of weeks but had completely recovered before filing his application for compensation, and accordingly a lump sum payment was awarded. Upon appeal the district court sustained the commissioner's finding and award. The employer tendered payment of the amount awarded. The claimant did not accept the tender. Instead he filed with the commissioner an application for review and modification of the award upon the ground it was inadequate and that his incapacity and disability had increased. Claimant contended because final payment of the award had not been made, under the language of the statute, he had a right to ask for such modification.

In rejecting this interpretation this court stated:

"We have concluded that the provision depended on by appellee in R. S. 1931 Supp. 44-528, relates to an award that provides for payments on a disability that extends into the future. Here the commissioner of workmen's compensation had found the facts to be that the disability of appellee had ceased before the first application was filed with the commissioner. This finding and award were appealed to the district court. The court approved the findings and award. When this was done the judgment of the district court took on all the attributes of finality that any case takes that is submitted to a district court for determination. The only remedy left is the appeal provided for to the supreme court.

"The reason for this is plain. When the commissioner of workmen's compensation hears a case and makes a finding that extends into the future, he looks at an injured workman, hears the testimony of the doctors and finds what in his judgment will be the extent of his disabilities and how long the condition will last. The lawmakers knew this could not be determined with finality, so the provision for modification and review was written into the act. As far as the payments for the future are concerned this is a wise provision. The necessity for it does not exist, however, where the commission, and later the courts, are asked to look at a man and say what his condition is at the present time, and where this is done and a finding of fact is made not looking into the future at all, but establishing a present determinable fact. That is the work courts have been doing for many years. Our system of jurisprudence provides that inquiries of this kind must have finality." (pp. 335, 336.)

The law applied in the case is summarized in the syllabus as follows:

"The provision in R. S. 1931 Supp. 44-528, for modification and review of the findings and award of the commissioner of workmen's compensation, is intended to cover cases where the award of the commissioner is directed to the future and not to cases where the findings were of a past fact. [¶1.]

"Where the commissioner of workmen's compensation has heard a case and has made a finding that disability had ceased before the case was filed before him and an award is made pursuant thereto, which finding and award are appealed to the district court where they are approved, the order of the district court approving the finding and award is final and the workman may not later be heard on an application to review and modify the findings and award for the commissioner." (¶ 2.)

Although different factually, in *Calonder v. Freeto Construction Co.*, 155 Kan. 497, 126 P. 2d 209, this court referred to the *Gant* decision, stating:

"The case is authority for the proposition that the review statute is intended to cover cases in which the award of the *commissioner* is directed to the future, and that the review statute is not applicable to cases where the finding pertains to a past fact, namely, that disability had ceased prior to the filing of the application before the *commissioner*.

.    .    .    .    .    .    .    .    .    .    .    .

"It has been held there can be no review before the commissioner to determine the *extent* of future disability after it has been determined with finality on appeal to the district court that *all* disability had ceased prior to the date of the commissioner's award." (p. 499.)

The court also commented:

"While the review statute [44-528] provides for a review of 'any award' it might at first glance appear the commissioner is thereby authorized to exercise appellate review over the decision of a district court, but clearly that is not true." (p. 500.)

In *Larrick v. Hercules Powder Co.*, 164 Kan. 328, 188 P. 2d 639, the workmen's compensation commissioner made an award of temporary total disability for a period of twenty-five compensable weeks, which period of time had expired prior to the time the award was made. The amount of the award being past due it was ordered paid in one lump sum. No appeal was taken from the award. The workman accepted payment of all but the last week's compensation and then filed an application for review and modification of the award, contending she was still disabled. Relying on *Gant* and other cited cases this court pointed out the award showed on its face that incapacity had ended at the time the award was made and, no appeal having been taken, the award became final. Therefore the statute permitting review and modification had no application.

The same interpretation was expressed in *Meredith v. Shawver Graham, Inc.*, 171 Kan. 513, 233 P. 2d 750, when this court stated:

".    .    .    a review may be had when the award determines disability con-

tinues into the future but not when the award determines all disability had ended prior to the award and all compensation therefor was ordered paid." (p. 518.)

Here the award sought to be modified determined that all disability had ended prior to the award as well as prior to the time of the submission of the case for adjudication. Appellant had alleged and sought to prove permanent disability. The award determined the question of permanent disability and of any disability beyond March 25, 1964, adversely to appellant. To that extent then, at that point she had lost her suit. The award did not look into the future and, under the cases cited, it left nothing to review.

If appellant's argument that such statutory construction leaves her without remedy has first-blush appearance of merit, it must be recalled the law did provide a remedy. This was by way of further appeal from the award of the district court. That such appeal could not have succeeded under the record made—because the adverse finding was solidly buttressed by evidence—rests on the principle that the duration of disability remains always a question of fact to be determined by the trier of the fact (*Larrick v. Hercules Powder Co.*, supra; *Hardin v. Beck Mining Co.*, 166 Kan. 95, 199 P. 2d 186). However, futility of appeal furnishes no basis for review and modification.

We are satisfied with the rationale of the cited cases construing K. S. A. 44-528 and in view of the fact the legislature has not seen fit to change that statute in any way by subsequent enactments it can only be assumed such interpretation has met with legislative approval. We, therefore, hold the district court's award of temporary total disability had become final and binding on the parties, that the period of disability of the appellant had ended before the award was made, and the award was not subject to review and modification.

The judgment is affirmed.

APPROVED BY THE COURT.