No. 40,250

RITTA ADAMS PETERSON, Widow (Edgar T. Peterson, Deceased), *Appellee,* v. FAIRMONT FOOD COMPANY and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, *Appellants.*

(302 P. 2d 1001)

Opinion filed November 3, 1956,

The opinion of the court was delivered by

THIELE, J.: The appeal in the above entitled cause was submitted to this court, which, after consideration, reached conclusions as set forth in the opinion appearing in *Peterson v. Fairmont Food Co.,* 179 Kan. 799, 298 P. 2d 223, in which the cause was remanded to the district court with instructions that that court make specific findings with respect to the extent of the dependency of the surviving wife upon the earnings of her deceased husband. Thereafter each of the parties filed a motion for a rehearing. This court has considered the motions and has concluded that the order of remand

to the district court was improper for reasons later set forth and should be withdrawn, and it is so ordered.

At the hearing before the workmen's compensation commissioner it was stipulated that the workman's average annual earnings were approximately $4,673.18. The compensation commissioner in the first instance and the district court on appeal found that the entire wages of the workman for the two years preceding his death were paid for the support of himself, his wife and family; that by reason of her earnings she was a partial dependent; that applying the formula set forth in *Kelly v. Lassen Hotel Co.*, 161 Kan. 444, 168 P. 2d 527, she was entitled to recover the sum of $9,000 to be paid at the rate of $28 per week in the manner set forth in our original opinion.

The appeal in *Kelly v. Lassen Hotel Co.*, supra, was decided in May, 1946, and involved language of the statute as amended in 1943, and what is said in that opinion and as to the formula to be applied as to partial dependents need not be repeated. The particular subsection involved there was subsequently amended by Laws 1947, Ch. 288, Sec. 1, the amendment stating more specifically our interpretation of the former language used. Subsequent amendments made of the entire section by Laws 1951, Ch. 305, Sec. 1, and Laws 1953, Ch. 244, Sec. 1, have not changed the language of the particular subsection as it appeared in G. S. 1953 Supp.; 44-510 (2) (b), in effect at the time the instant case arose. Changes made by various amendments of (2) (a) of the above section as to the amount to be allowed for total dependency need not be noted. As applied here under subsection (a) the maximum recovery to a surviving wholly dependent wife was $9,000, and had she been found "wholly dependent" she would have been entitled to the maximum amount. She was, however, found to be partially dependent and the amount of her recovery was to be determined by subsection (2) (b) of the section. It reads:

"If a workman does not leave any such dependents but leaves dependents in part dependent on his earnings, such percentage of the sum provided for total dependency in paragraph 2 (a) of this section as employee's contributions which the deceased made to the support of such dependents during the two years preceding the injury bears to his average annual earnings during a contemporaneous period, during such two years."

The finding of the district court that entire earnings of the deceased workman were contributed to the support of his family, is supported by evidence.

As applied to the facts here the statutory formula results as follows:

$$\frac{\text{Average annual contributions } (\$4,673.18)}{\text{Average annual earnings } (\$4,673.18)} \times \frac{\text{Amount of award under (2) (a)}}{(\$9,000)} = \$9,000$$

Anything said in our original opinion at variance with this opinion is withdrawn. Under the circumstances here obtaining, the motions for a rehearing are denied.

The judgment of the district court is affirmed.

SMITH, C. J., not participating.