No. 42,439

CHESTER A. FISHER, *Appellant,* v. RHOADES CONSTRUCTION COMPANY, INC. (a Self Insurer), *Appellee.*

(365 P. 2d 1101)

Opinion filed November 10, 1961.

*Howard W. Harper* and *B. L. Abbott,* both of Junction City, argued the cause, and *Lee V. Hornbaker* and *Richard F. Waters,* both of Junction City, were with them on the brief for the appellant.

*J. R. Rhoades,* of McPherson, argued the cause, and *George R. Lehmberg,* of McPherson, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is a workmen's compensation case. The claimant appeals from an alleged inadequate award.

Because of the disposition we feel compelled to make of this case, a very brief résumé of the record will suffice.

On April 15, 1959, while working as a common laborer for respondent construction company, claimant fell from a bridge framework. He landed on his head and back and was rendered momentarily unconscious. He was hospitalized for two weeks. His doctor found he had sustained a "cerebral accident." Later he was examined and treated by an orthopedic specialist who prescribed rehabilitation exercise. Apparently claimant felt such treatment was of no benefit, and on June 15, 1959, the doctor released him for light work, with a thirty per cent disability. Apparently "light work" did not appeal to claimant. In any event, it appears that later he was examined by other doctors, one of whom, on September 10, 1959, reported that he could find no "subjective" findings of permanent disability. In the meantime claimant was complaining of headaches, backaches, dizziness and blackouts. In the spring of 1960 a "neutral" physician, an orthopedic specialist from Hays, examined him and his findings were that claimant suffered a thirty per cent general bodily disability. The record also shows that

claimant had on three previous occasions received injuries while working for other employers and had received compensation therefor.

The commissioner found that claimant suffered temporary total disability from April 15, 1959, to March 18, 1960, followed by a thirty per cent temporary partial general bodily disability for a period of not to exceed the remaining 367.86 weeks—and made an award accordingly.

The respondent appealed from the findings and award.

On December 9, 1960, the district court, having had the matter under advisement, prefaced its findings and decision with the following remarks:

"I have a Memorandum Opinion, but prior to delivering that I wish to say just one or two things. The Court is not impressed by the claim. In fact, the Court was concerned about the fact that it seems to appear that the claimant is virtually making a career of claims, and the order of the Compensation Commissioner is modified to this extent and I will read my findings:"

"FINDINGS

"The Court finds, in addition to the admission of the parties, that the Claimant sustained some personal injury by accident on the date alleged; that the accidental injury arose out of and in the course of his employment with the Respondent; that 7.87 weeks' compensation was paid in the amount of $267.24; that this represents the total amount of compensation due the Claimant for the injury so sustained.

"It is determined that Respondent shall pay all hospital and medical bills incurred prior to April 15, 1959."

Claimant has appealed to this court and his specifications of error are that there was no substantial competent evidence to sustain the trial court's decision; that the decision was in whole or in part contrary to the evidence, and that the decision was given under the influence of passion and prejudice.

There appears to be no question but that claimant sustained an accidental injury which arose out of and in the course of his employment—as found by the district court. Although not specifically so stated, it would appear the court found that all disability ended with the 7.86 weeks' period—that being the precise period for which compensation had been paid. Our appeal statute, G. S. 1959 Supp. 44-556, provides that the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the commissioner, as justice may require. Within the scope of the record made before the commissioner the district court is author-

ized to make its own findings of fact and is not bound by the findings of the commissioner. (*Resnar v. Wilbert & Schreeb Coal Co.*, 132 Kan. 806, syl. 2, 297 Pac. 429.) Included, of course, in that grant is the right of the district court to weigh the evidence. (*Vigola v. Labor Exchange Coal Co.*, 145 Kan. 889, 67 P. 2d 421; *Burk v. American Dist. Tel. Co.*, 160 Kan. 519, 526, 163 P. 2d 402.) On the other hand, in fairness to a district court, it should be stated that our compensation act discloses no statute which compels the court to make detailed findings of fact which resolve the disputed testimony of witnesses. (*Thompson v. Swenson Construction Co.*, 158 Kan. 49, 56, 145 P. 2d 166.)

Our attention is called to the fact that here the findings of the district court state that respondent is to pay all hospital and medical bills incurred *prior* to April 15, 1959. Obviously that is erroneous for that was the date of the accident. It is logical to conclude, however, the court intended the date to be June 15, 1959, because it also found that the compensation paid to that date was the total amount of compensation due for the injury so sustained.

With full recognition of the elementary rule—which requires no citation of authority—that findings made by a district court in a compensation case, if supported by substantial competent evidence, are conclusive on appeal, and that this court is to view the record in the light most favorable to the prevailing party below, we nevertheless are of the opinion that this case should be returned to the district court in order for it to make more specific findings based on the evidence before the commissioner. Our conclusion in this matter is not to be construed as indicating an opinion one way or the other as to the merits and propriety of the award made by the commissioner. That is within the province of the district court after reviewing and weighing the evidence. The extent of our holding is that the district court's findings should have been more clear and specific—in view of the record presented—so as to enable this court to pass upon the questions presented. The cause is therefore reversed and remanded.