No. 43,005

CHESTER A. FISHER, *Appellant,* v. RHOADES CONSTRUCTION COMPANY, INC. (a Self Insurer), *Appellee.*

(375 P. 2d 771).

Opinion filed November 3, 1962.

*Howard W. Harper,* of Junction City, argued the cause, and *Lee V. Hornbaker, Richard F. Waters,* and *B. L. Abbott,* all of Junction City, were with him on the briefs for the appellant.

*J. R. Rhoades,* of McPherson, argued the cause, and *George R. Lehmberg* and *Robert W. Wise,* both of McPherson, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a workmen's compensation case in which the claimant appeals for the second time from an alleged inadequate award. The first appeal in this case is reported as *Fisher v. Rhoades Construction Co.*, 188 Kan. 792, 365 P. 2d 1101, to which reference is made for the facts.

The new issue here presented is whether the decision of the district court on remand of the case is contrary to the law and exceeds the district court's jurisdiction.

In the first decision of the district court, it found upon the evidence that the claimant sustained personal injury by accident on April 15, 1959; that the accidental injury arose out of and in the course of his employment with the respondent; and that the parties were covered by the workmen's compensation law. These findings are the same as those of the commissioner and were supported by evidence.

In addition to the foregoing, the trial court found that 7.86 weeks' compensation was paid in the amount of $267.24; that this represents the total amount of compensation due the claimant for the injury sustained; and that the respondent should pay all hospital and medical bills incurred prior to April 15, 1959. Except for the amount of compensation paid, these findings were not consistent with the evidence before the commissioner.

Upon review the case was remanded to the district court "in order for it to make more specific findings based on the evidence before the commissioner." (*Fisher v. Rhoades Construction Co.*, supra, p. 794.) The district judge was further advised that our conclusion was not to be construed as indicating an opinion one way or the other as to the merits and propriety of the award made by the commissioner. This was said to be within the province of the district court after reviewing and reweighing the evidence.

The substance of the foregoing remand was to refer the case back to the trial court for the limited purpose of making more specific findings as to the extent of the claimant's disability and his medical expenses *based on the evidence before the commissioner.*

On remand of the case the trial court vacated its findings and award as to the claimant's disability and medical expenses and found as follows:

"Claimant was physically able to return to light work on June 15, 1959, this being the testimony of Dr. John A. Grove, his then attending physician. At that time it was the opinion of Dr. Grove that the claimant had less than 10 percent of a temporary partial disability; however, claimant did not see fit to return to work of any nature at this time.

"Claimant was physically able to return to full work on or about September 10, 1959, and had no permanent disability thereafter as a result of the accident. . . .

. . . . . . . . . . . . . .

"Claimant sustained temporary total disability from April 15, 1959, to September 10, 1959, and is entitled to compensation for such disability a period of 21.29 weeks at the rate of $34.00 per week, a total of $723.86, of which $267.24 has been paid, leaving a balance of $456.62 which is ordered paid in one lump sum.

"Respondent is further ordered to pay the admitted medical and hospital expense in the amount of $449.86 as itemized in the award, and the expense of Dr. Roy P. Coffey, physician, in the sum of $148.50."

Award was made in accordance therewith and costs were taxed to the respondent.

The appellant contends the trial court did not follow this court's direction on remand of the case. It is argued the trial court made new and additional findings and rendered a new decision, instead of clarifying its original findings. The appellant contends the trial court cannot do this in a workmen's compensation case.

The established rule is that an award which has been formally made and entered by the district court in a workmen's compensation case may not thereafter be modified by such court, such judgment being final, subject only to such modification as may be made by the commissioner under G. S. 1949, 44-528 (as amended by L. 1955, Ch. 250, § 7), or by this court upon appeal under G. S. 1949, 44-556 (as amended by L. 1955, Ch. 250, § 10; and, though not here applicable, as later amended by L. 1961, Ch. 243, § 5). (*Gray v. Hercules Powder Co.*, 160 Kan. 767, 165 P. 2d 447; *Clark v. Winfield Hospital & Training Center*, 186 Kan. 705, 707, 352 P. 2d 442; and *Fleming v. National Cash Register Co.*, 188 Kan. 571, 576, 363 P. 2d 432.)

The reason for the foregoing rule is that the workmen's compensation act is complete in itself, providing its own procedure. To go beyond the provisions of the act would open the way to delays in compensation cases.

Here, however, the district court did not modify its findings or award on its own motion, but instead was carrying out the mandate of this court after the cause had been remanded.

When the district court on remand of a compensation case has modified its findings or made them more specific as directed by the Supreme Court, it necessarily follows that the district court has authority to carry out the mandate. In such situation the rights of the parties are completely safeguarded. If they are dissatisfied they may again appeal to this court. To hold otherwise would thwart substantial justice, and preclude the district court from correcting manifest error in a previous decision. Such is the inherent power of our courts so that they may do substantial justice and not become objects of disrepute.

The authority of the Supreme Court to remand a cause to the district court to make specific findings or to correct an award in a compensation case is not without precedent. (*Thorp v. Victory Cab Co.*, 172 Kan. 384, 240 P. 2d 128; *Thorp v. Victory Cab Co.*, 173 Kan. 383, 246 P. 2d 273; *Justice v. Continental Can Co.*, 174 Kan. 539, 257 P. 2d 564; and *Peterson v. Fairmont Food Co.*, 179 Kan. 799, 298 P. 2d 223.)

An examination of the record herein discloses that the district court followed the mandate of the Supreme Court in making more specific findings based on the evidence before the commissioner and rendering a decision in accordance therewith. To the extent that the district court was directed to reconsider its findings and award, it had jurisdiction and authority to do so.

The appellant's contention that the findings and award from which this appeal has been perfected are not supported by substantial competent evidence, and are, in whole or in part, contrary to the evidence, is without merit.

As to questions of fact this court reviews the record only to determine whether it contains substantial evidence to support the trial court's finding, and in so doing, all the evidence is reviewed in the light most favorable to the prevailing party below. If substantial evidence appears such finding is conclusive and will not be disturbed on review. The court does not review the record to ascertain whether it contains evidence to support a contrary finding, but only whether there is substantial evidence to support the finding made by the district court. (*Mitchener v. Daniels*, 187 Kan. 765, 770, 359 P. 2d 872, and cases cited therein.)

In the instant case the findings made by the trial court are supported in every detail by the testimony of the respondent's doctor. The fact that the claimant was examined by a doctor of his own

choosing whose testimony was inconsistent with that of the respondent's doctor, and was also examined by an independent physician whose testimony was inconsistent with that of the respondent's doctor, is insufficient to overcome the trial court's findings.

The appellant renews the charge that the trial court's decision is the result of the influence of passion and prejudice against him. It is argued the new decision demonstrates the truth of this charge.

The record discloses that claimant had on three previous occasions received injuries while working for other employers, and had received workmen's compensation for such injuries. This was the subject of the trial court's comment before it announced its previous findings and decision.

Upon careful examination of the record presented we do not feel warranted in saying that the decision of the trial court herein was given under the influence of passion and prejudice. In cases of this type the frailties of human nature occasionally overcome an individual and the extent of his injury and disability is exaggerated. This is one of the factors the trial judge is obligated to weigh when he considers a claimant's testimony, along with all of the other evidence adduced in the case, in making his findings and arriving at a decision.

The appellant complains that the district court did not allow the appellant's medical expense of $200 which was the fee of Dr. M. E. Pusitz, who examined the appellant on October 20, 1959.

Dr. Pusitz examined the appellant at the request of his attorney after the depositions of the appellee's medical witnesses had been taken on October 7, 1959. The hearing before the examiner was conducted at Junction City on October 12, 1959, at the conclusion of which hearing the appellant requested time to procure medical evidence.

No provision is made in the act requiring an employer to pay the fee of a physician selected by an injured employee for the purpose of making an examination of him and testifying on his behalf at the hearing on his claim for compensation.

The statute in effect on the date of this accident was G. S. 1957 Supp., 44-510 (1). It provides that if the services of the physician furnished by the employer are not satisfactory to the injured workman, the commissioner may authorize the appointment of some other physician, subject to the limitations as to total charges and the period over which the same shall extend. Here, however, the

appellant makes no claim that the services of Dr. Pusitz were authorized pursuant to this provision.

The foregoing statute was amended after the date of the accident herein to provide that in such case the injured workman may, without the approval of the commissioner, consult another physician of his own choice, and the employer shall pay the fee therefor, not exceeding a total of $100 (G. S. 1959 Supp., 44-510[1]).

As designated by the title of subsection (1) to the foregoing statute, the provision was enacted *for the treatment and care of injured employees.* Surely the legislature never intended, even by the amendment, that such provision could be used by an injured employee for the purpose of evaluating his claim and obtaining testimony in his behalf. A corollary situation was before the court in *Thompson v. Swenson Construction Co.,* 158 Kan. 49, 145 P. 2d 166. There an examination of an injured employee by a physician of the employer for the purpose of evaluating disability was held not to constitute treatment and care as contemplated by section 44-510, and such examination was held not to toll the statute requiring written claim for compensation to be served within a fixed period.

We hold the trial court properly denied the appellant's medical examination expense of Dr. Pusitz in the sum of $200.

The judgment of the lower court is affirmed.

WERTZ, J., concurs in the result.