No. 44,070

KENNETH R. MANNELL (Claimant), *Appellant*, v. JEROME AND ASSO-CIATES, INC. (Respondent) and TRAVELERS INSURANCE COMPANY (Insurance Carrier), *Appellees.*

(401 P. 2d 1009)

Opinion filed May 15, 1965.

*George E. McCullough,* of Topeka, argued the cause, and *W. L. Parker, Jr.; Robert B. Wareheim; Reginald LaBunker,* and *James L. Rose,* all of Topeka, were with him on the briefs for the appellant.

*R. Austin Nothern,* of Topeka, argued the cause, and *O. B. Eidson; Philip H. Lewis; James W. Porter; Charles S. Fisher, Jr.; Peter F. Caldwell; William G. Haynes; Roscoe E. Long,* and *Brock R. Snyder,* all of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal in a workmen's compensation proceeding wherein the appellant (claimant) seeks review of a decision of the district court denying him an award for personal injury claimed to have arisen out of and in the course of his employment.

The points relied on by appellant are: (1) The trial court erred in concluding that the claimant had not sustained his burden of proof by credible evidence, and (2) The trial court erred in its

finding that the claimant did not sustain personal injury by accident, which finding was based upon erroneous conclusion of law.

On appeal, pursuant to K. S. A. 44-556, the district court found:

". . . that this is an appeal from the decisions, findings, rulings and award of compensation in favor of the Claimant made and entered by the Examiner of Workmen's Compensation on February 11, 1964; that the Claimant has failed to sustain the burden of proving and establishing that he suffered a compensable accidental injury or that the time he lost was due to an occupational disease; that he should be and is denied compensation; and that the award of the Examiner for the Workmen's Compensation Director of the State of Kansas in favor of the Claimant should be reversed, vacated, set aside and held for naught."

Judgment was rendered in accord with the foregoing findings and this appeal followed.

The issues will be simplified by stating at the outset that in his brief and on oral argument appellant concedes that in this case he is not claiming compensation for an occupational disease but is claiming compensation for personal injury by accident, hence the propriety of the trial court's ruling as it relates to an occupational disease is not involved on appellate review.

Thus it appears the controlling question presented by this appeal is whether the record discloses sufficient competent evidence to support the trial court's finding, inherent in its journal entry of judgment, that appellant had not sustained personal injury by accident arising out of and in the course of his employment.

In any approach to the foregoing question it should be stated that the rule in this jurisdiction, so often repeated as to hardly require reference to our decisions, is that it is the function of a trial court to pass upon the facts in a workmen's compensation case and that under K. S. A. 44-556 this court is limited on appellate review to "questions of law" which in final analysis, simply means that its duty is to determine whether the trial court's factual findings are supported by any substantial evidence. See, e. g., *McDonald v. Rader*, 177 Kan. 249, 251, 277 P. 2d 652; *Kafka v. Edwards*, 182 Kan. 568, 571, 322 P. 2d 785, and the numerous decisions there cited, also *Cross v. Wichita Compressed Steel Co.*, 187 Kan. 344, 356 P. 2d 804. And it should be added that under all our decisions the question of whether the disability of a workman is due to an accident arising out of and in the course of his employment is a question of fact and when determined by the district court will not be disturbed by this court, where there is

substantial evidence to sustain it. (See *Allen v. Goodyear Tire & Rubber Co.*, 184 Kan. 184, 334 P. 2d 370, and *Kafka v. Edwards,* supra.

Moreover, in the face of the record presented, it should be stated, that despite some specious argument of appellant to the contrary we are convinced the duties and obligations of this court in determining the question now under consideration are those described and set forth in *Silvers v. Wakefield,* 176 Kan. 259, 270 P. 2d 259 (repeated in *Allen v. Goodyear Tire & Rubber Co.,* supra, and *Cross v. Wichita Compressed Steel Co.,* p. 346, supra), where it is said:

"Under G. S. 1949, 44-556, appellate jurisdiction of this court in compensation cases is confined to reviewing questions of law only. In doing so, it is necessary to determine whether the record contains any evidence which tends to support the judgment rendered, and in so considering, this court is required to view all testimony in the light most favorable to the prevailing party below. If when so considered, the record contains any evidence which supports the trial court's judgment, that judgment must be affirmed; being conscious at all times of the fact that this court has little concern with disputed questions of fact in ordinary lawsuits and none whatever in workmen's compensation cases, except to ascertain whether the record contains any evidence which on any theory of credence would justify the trial court's finding or conclusion of fact. (citing cases.)" (pp. 259, 260.)

The tangible facts essential to a proper understanding of the events, conditions and circumstances giving rise to appellant's initiation of the involved claim can be briefly stated.

The record discloses that on June 5, 1963, the appellant, a painter and interior decorator, awakened on the morning of that day with a headache; that sometime during the day, while at work on his usual job, he asked his fellow workmen for an aspirin for his headache. Later in the day he had a severe headache attack which caused him to stop work and resulted in his being taken to the hospital. He was released from the hospital in two days and went back to work on June 25, 1963, at his usual vocation.

By way of deposition Dr. E. A. McClintock, who the parties stipulated was a fully qualified practicing physician, testified on direct examination as follows:

". . . that he examined Kenneth R. Mannell on November 26, 1963, at which time he gave a general physical examination complete with a neurological examination. Based upon the history which he took from Mr. Mannell and the examination which he made of him, it is his opinion that the claimant suffered from a disease and the job and work had nothing to do with it.

"He testified by way of explanation that the claimant has periodic hypertension and had such at the time he went into the hospital with an episode of hypertensive encephalopathy, meaning that he has high blood pressure. It produces headaches, and that is the disease that he suffers from. The condition existed prior to his going to work and was not precipitated by the work.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"A. My opinion is that the individual suffered from a disease, and the job and the work has nothing to do with it.

"Q. You say the individual suffers from a disease. Can you explain that in more detail?

"A. This individual has periodic hypertension, and has had such that at a time he went into the hospital with an episode of hypertensive encephalopathy, meaning that he has high blood pressure. It produces headaches, and that is the disease that he suffers from.

"Q. All right, sir, can that disease that causes this condition be precipitated, or aggravated, or made worse by activities such as Mr. Mannell participated in on or about June 5, 1963?

"A. Well, Mr. Mannell had the headache before he went to work that morning; therefore, the condition existed prior to his going to work, and it was not precipitated by the work."

On cross-examination Dr. McClintock further testified:

"Q: Doctor, let's assume that he did not have this type headache when he went to work on this morning, but this headache struck him suddenly as he came down off a ladder; would you have an opinion in that case as to whether the exertion would increase his blood pressure, and precipitate an episode of June 5?

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"A. It would not.

"Q. (By Mr. McCullough) It would have nothing to do with it?

"A. No.

.   .   .   .   .   .   .   .   .   .   .   .

"Q.  .  .  . My question is, would your opinion be changed as to whether or not the exertion of climbing off the ladder may not have influenced the onset of this headache?

"A. No.

"Q. You think it had nothing to do with it?

"A. Correct. It had nothing to do with it."

Having reviewed the entire record in the light of the well-established rules, to which we have previously referred, we have no difficulty whatsoever in concluding that the heretofore quoted testimony of Dr. McClintock is more than sufficient to require this court to conclude as a question of law that the trial court's factual finding appellant did not sustain personal injury by accident arising out of and in the course of his employment in the episode of June 5, 1963, is

fully sustained by substantial competent evidence. That, under the decisions to which we have heretofore referred, means such finding cannot be disturbed and compels an affirmance of the judgment. This, we may add, must be our conclusion under the established law of this jurisdiction even though, as appellant contends and as we frankly concede, there is evidence of record which, if the trial court had seen fit to give it credence, would have supported a contrary finding.

Moreover, we find nothing in the decisions cited by appellant's astute and diligent counsel which warrant a contrary conclusion under the confronting facts and circumstances.

The judgment is affirmed.