No. 45,369

SECOND INJURY FUND OF KANSAS, *Appellee*, v. HAHNER, FOREMAN & CALE, INC. and EMPLOYERS FIRE INSURANCE COMPANY, *Appellants*.

(497 P. 2d 107)

Opinion filed May 6, 1972.

*Byron G. Larson*, of Williams, Larson, Voss and Strobel, of Dodge City, argued the cause and was on the brief for the appellants.

*Don C. Smith*, of Mitchell, Smith and Patton, of Dodge City, argued the cause and was on the brief for the appellee.

*Per Curiam:* This is a workmen's compensation case wherein the Second Injury Fund of Kansas was made a party by appellants—the employer and its insurance carrier—who contend claimant's injury was caused in whole or in part by a preexisting condition.

On November 16, 1967, claimant suffered an injury diagnosed as a condition of "low back strain." After treatment, claimant was permitted to return to work for the same employer on February 2, 1968. Employer filed a Form 88 (Notice of Handicapped Employees), prescribed by the Director of Workmen's Compensation pursuant to K. S. A. 44-566 in which claimant's impairment was listed as "Physical deformity—spine arthritis—spine."

On August 1, 1968, claimant suffered a second injury described as an injury "to his intervertebral disc and in the lumbosacral area of his back." The injured disc was removed by surgery. The surgeon, Dr. John Lance, testified that he could detect no significant arthritic changes in claimant's lower back.

The brief medical testimony presented in the record indicates that claimant's second injury could have been caused or contributed to by the preexisting condition. On the other hand, Dr. Lance, who operated after the second injury, testified that there was no arthritic change in claimant's spine, thus indicating that the injury to the intervertebral disc was unrelated to arthritis of the spine listed on the Form 88.

The burden is on the employer to prove that the employee's compensable injury was caused or contributed to by the listed pre-

existing handicap. (*Hardwick v. General Motors Corporation,* 206 Kan. 182, 470 P. 2d 244; and *Leiker v. Manor House, Inc.,* 203 Kan. 906, 457 P. 2d 107). Where there are conflicts in the evidence and facts in dispute the district court is the arbiter. (*Lyon v. Wilson,* 201 Kan. 768, 443 P. 2d 314; and *Mannell v. Jerome & Associates,* 194 Kan. 789, 401 P. 2d 1009).

The trial court found that under the provisions of K. S. A. 1969 Supp. 44-567, appellants failed to prove a causal relation between claimant's preexisting condition and the compensable injury. We conclude there is evidence to support such findings.

The judgment is affirmed.