No. 46,756

Roy Stanley, *Appellee*, v. A & A Iron Works and Liberty Mutual Insurance Company, *Appellants* and/or Second Injury Fund of Kansas, *Appellee*.

(506 P. 2d 1120)

Opinion filed March 3, 1973.

*David W. Buxton*, of the firm of Fleeson, Gooing, Coulson & Kitch, of Wichita, argued the cause, and *Donald R. Newkirk*, of the same firm, was with him on the brief for the appellants.

*Russell Cranmer*, of the firm of Michaud, Cranmer, Syrios and Post, of Wichta, argued the cause for appellee, Roy Stanley, and *Thomas E. Wright*, of Goodell, Casey, Briman, Rice & Cogswell, of Topeka, argued the cause for appellee, second injury fund of Kansas.

The opinion of the court was delivered by

Fontron, J.:   This is an action by a workman, Roy Stanley, to recover compensation.   The second injury fund of Kansas was made

a party to the proceedings. The workmen's compensation examiner entered an award in favor of Mr. Stanley against his employer and its insurance carrier and absolved the second injury fund from liability. The director sustained the examiner's award as did the district court, on appeal. The respondents, A & A Iron Works, and its carrier, Liberty Mutual Insurance Company, have appealed.

The facts with respect to the accident itself are not in dispute. On March 31, 1969, the workman sustained a back injury while lifting a 300 pound sheet of metal in the course of his work. Considerable medical testimony relates his present physical condition to that incident.

There is abundant evidence in the record that Stanley was afflicted with a congenital low back defect centering in the fifth lumbar area and that on sundry times in the past he received medical treatment, usually following minor incidents, after which his condition would become asymptomatic. Subsequent to the March 31 injury his back condition became symptomatic, pains developed radiating down his legs, and Stanley became unable to perform the duties required by his job, despite attempts on his part to remain at work.

Prior to the March accident, and on December 13, 1967, A & A Iron Works, pursuant to K. S. A. 1972 Supp. 44-567, filed form 88 in the office of the workmen's compensation director, giving notice that Mr. Stanley was a handicapped person and that the nature of his impairment was "Physical Deformity—Spinal; Arthritis—Spinal." The sufficiency of the notice is not questioned.

In this appeal the respondents urge two points: One, that the finding of permanent partial disability resulting from the accident in question is not supported by the evidence and second, that the finding which absolves the second injury fund from liability is likewise unsupported and is contrary to the medical evidence. We are of the opinion that neither contention can be sustained in the face of this record.

As we have said before, there is evidence which directly relates the workman's present condition to the March 31 incident. Both Dr. Lunsford and Dr. Schlachter, as well as Dr. Wier, testified to such effect.

The main thrust of the respondents, however, is directed against the finding of no liability on the part of the second injury fund, and we are frank to concede there is sufficient substantial evidence to have justified a contrary conclusion.

The second injury fund was created under the provisions of L. 1945, ch. 221, § 3 (now K. S. A. 1972 Supp. 44-568) and is funded by payments from insurance carriers and from legislative appropriations. In *Leiker v. Manor House, Inc.,* 203 Kan. 906, 457 P. 2d 107, this court pointed out that the purpose underlying the act creating the fund (K. S. A. 44-566, *et seq.,* as amended) was to encourage the hiring of certain handicapped persons by relieving the employer in whole or in part from the payment of compensation benefits in limited situations, which is to say, when injury or death would not have resulted but for preexisting physical impairment, or where injury or death was contributed to by the preexisting impairment. (K. S. A. 1972 Supp. 44-567.) This laudable objective was re-emphasized in *Hardwick v. General Motors Corporation,* 206 Kan. 182, 476 P. 2d 244. In both decisions the court pointed out that the burden of proving that disability or death was caused or contributed to by the preexisting handicap or impairment lies with the employer.

The principle upon which the second injury fund was predicated is as valid today as when the act was adopted. The employment and retention of handicapped persons in the marts of industry and trade remains a very live social concern. The officials charged with administering the Workmen's Compensation Act should bear in mind the humane and beneficent purpose for which the fund was established.

In the review of compensation cases, however, this court is limited to determining questions of law. This simply means, as far as the second injury fund is concerned, our duty is to decide whether the trial court's judgment absolving the fund from liability is supported by substantial competent evidence. (See 5 Hatcher's Kansas Digest [Rev. Ed.] Workmen's Compensation, § 137.)

The evidence which impels us to conclude the judgment must stand, comes from C. K. Wier, M. D. This medical luminary testified in effect that Mr. Stanley's back injury was not related to any preexisting condition; that his range of motion and reflexes were normal, as well as the neurological findings; that while X-rays taken prior to the accident showed the width of the lumbosacral disk was somewhat decreased they did not indicate a mechanical instability of the low back, but an increased stability, if anything.

We are not at liberty to ignore this medical testimony nor are we entitled to disbelieve the doctor's medical opinion. This court does

not judge the credibility of witnesses or determine what weight shall be given their testimony. On the other hand, the position of the district court is quite different. Under the provisions of K. S. A. 1972 Supp. 44-556 appeals may be taken to the district court from the decisions, findings and award of the director on questions of both law and fact presented by the transcript. We have held the district court is not bound by the director's findings, but that it may weigh the evidence as found in the record and make its own findings of fact. (*Fisher v. Rhoades Construction Co.,* 188 Kan. 792, 365 P. 2d 1101, and cases cited therein.)

The respondents attempt to counter the effect of Dr. Wier's testimony by arguing that it fails to meet the test of substantial competent evidence. In this connection they insist that his opinion was based on insufficient understanding of the material facts. We cannot accept this predicate, even though we agree his testimony is contradicated by that of other medical witnesses. Findings supported by substantial competent evidence will be upheld on appellate review even though there be evidence of record which, if given credence by the trial court, would have supported contrary findings. (*Mannell v. Jerome & Associates,* 194 Kan. 789, 793, 401 P. 2d 1009.)

Dr. Wier's qualifications as an expert do not appear of record, but we do not find them challenged. His testimony having been admitted, we may assume the doctor was found by the court below to be qualified. We are further of the opinion that his medical judgment was founded on sufficient background material to have probative force and effect.

In concluding their brief, the respondents stoutly assert that reversal of this case is required to promote the legislative scheme of encouraging employment of handicapped workmen by shifting the increased burden of compensation from employer to the second injury fund. However appealing this argument may sound, it is beside the point involved in this appeal. We reiterate, this court's function on appellate review of a workmen's compensation action, is to determine issues of law, not issues of fact. The legal question before us in this case is whether the trial court's judgment is sustained by substantial competent evidence. We conclude that it is.

The judgment is affirmed.